UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

RONNIE MICHAEL LEE                                                                                    PLAINTIFF

V.                                                                         CIVIL ACTION NO. 3:14cv668-HTW-LRA

CAROLYN W. COLVIN                                                                                 DEFENDANT

REPORT AND RECOMMENDATION

On August 27, 2014, Plaintiff filed a Complaint [1] in this Court seeking social security disability benefits, as well as a Motion for Leave to Proceed In Forma Pauperis [2] requesting that the prepayment of filing fee and costs be waived pursuant to 28 U.S.C. § 1915.

After a review of the sworn Affidavit filed with the Court, it is the opinion of the undersigned that Plaintiff is not indigent under the law and should not be allowed to proceed in forma pauperis. Plaintiff and his wife have a monthly income of $3,310.08, with monthly expenses of $1,969.99.[1] They own their own home and three motor vehicles.

Section 28 U.S.C. §1915(a)(1) is intended to provide access to federal courts for plaintiffs who lack the financial resources to pay any part of the statutory filing costs. *See Williams v. Estelle*, 681 F.2d 946 (5th Cir. 1982); *Prows v. Kastner*, 842 F.2d 138 (5th Cir. 1988). This Court, in exercising its discretion, has considered the following factors:

> Is the plaintiff barred from the federal courts by reason of his impecunity? *Souder v. McGuire*, 516 F.2d 820 (3rd Cir. 1975);
>
> Is access to the courts blocked by the imposition of an undue hardship? *Startti v. United States*, 415 F.2d 1115 (5th Cir.

---

[1] A note at Paragraph 11 of Plaintiff's Application indicates that an additional $174.00 per week is being deducted from his spouse's income. However, $174.00 is listed as an "other" monthly expense on Plaintiff's Application. Even adding an additional $522.00 ($174.00 multiplied by three) to the couple's total monthly expenses, the total is only $2,491.99.

    1969); and,

    Is the plaintiff forced to contribute his last dollar, or render himself destitute to prosecute his claim? *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 337 (1948).

Considering the circumstances of Plaintiff, particularly the fact that he and his wife have a significant monthly income and three motor vehicles, the undersigned finds that he could pay the filing costs without undue financial hardship if given ninety days to pay the filing fee.  Plaintiff will not be rendered destitute by paying the filing fee in ninety days, as he does have a place to reside, a motor vehicle, and a monthly income.  Because he will not be barred from the federal courts due to his lack of financial resources, it is the recommendation of the undersigned that Plaintiff's motion to proceed in forma pauperis be denied.  Plaintiff shall be given ninety days to pay the filing fee in this cause; all of the costs associated with the filing of this lawsuit should be paid on or before December 3, 2014.  If Plaintiff does not object to this recommendation, and further does not pay the filing fee by December 3, 2014, the undersigned recommends that this case be dismissed without prejudice with no further notice to Plaintiff.

    Plaintiff is referred to 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b) and L.U.Civ.R. 72 for the appropriate procedure in the event he desires to file objections to these findings and recommendations.  Plaintiff is further notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar him, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  28 U.S.C. §636.

    Respectfully submitted, this the 8th day of September, 2014.

      /s/   Linda R. Anderson
UNITED STATES MAGISTRATE JUDGE